**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER KENNEDY, | ) | CASE NO. 1:25-CV-2317-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| HUGHES FEDERAL CREDIT UNION, | ) | |
| | ) | |
| | ) | **REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |
| | ) | |

## I.     INTRODUCTION

Plaintiff Christopher Kennedy ("Plaintiff") failed to comply with this Court's Case Management Scheduling Order (ECF No. 8) ordering the parties to file a Rule 26(f) Report of the Parties in advance of the case management conference. As a result, I cancelled the case management conference on April 27, 2026 and ordered the parties to meet and confer and then file a Rule 26(f) Report of the Parties on or before May 7, 2026. (Non-document order dated April 26, 2026). The April 26, 2026 order further notified the parties that "failure to comply with this order may result in the recommendation of sanctions without further notice." (*Id.*)

On May 6, 2026, Defendant Hughes Federal Credit Union ("Defendant") attempted to comply with my April 27, 2026 order by filing its own Rule 26(f) Report. (ECF No. 9). Defendant noted in its Rule 26(f) Report that "Counsel for Defendant has made numerous

1

attempts with Plaintiff to schedule a 'meet and confer' and has received no response," and therefore filed its own Rule 26(f) Report without conferring with Plaintiff. (*Id.*)

On May 7, 2026, I issued an order stating in relevant part that:

Plaintiff is hereby ORDERED to show cause in writing on or before 5/21/2026 regarding why he allegedly did not comply with my 4/27/2026 order by meeting and conferring with Defendants and participating in the filing of a joint Rule 26(f) report in compliance with the Court's Case Management Conference Scheduling Order (ECF No. 8 ) and the April 27, 2026 order. Plaintiff is on notice that failure to show cause by 5/21/2026 may result in the recommendation of sanctions without further notice, including but not limited to dismissal of this action with prejudice.

(Non-document order dated May 7, 2026).

To date, Plaintiff has failed to comply with the May 7, 2026 Order and has made no attempt to provide an explanation for his failure to do so. Accordingly, and on my own initiative, I recommend that the Court dismiss the case without prejudice for failure to prosecute.

## II.     ANALYSIS

"The Sixth Circuit has held that 'a district court has three different sources of authority to dismiss a case for failure to prosecute.'" *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *3 (N.D. Ohio Mar. 14, 2017) (quoting *Rogers v. City of Warren*, No. 06-3658, 2008 WL 5054337, at *4 (6th Cir. Nov. 26, 2008)), *report and recommendation adopted*, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017). Those three sources are: (1) Federal Rule of Civil Procedure 16(f)(1)(A), which authorizes dismissal where party fails to appear at a scheduling or pretrial conference; (2) Rule 41(b), which "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute [his] case or to comply with a court order"; and (3) the court's inherent authority to "'protect [] the due and orderly administration of justice, and . . . maintain[] the authority and dignity of the court.'" *Id.* (quoting *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (unpub.)).

2

The Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Notably, it is "well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Moreover, while "[p]ro se plaintiffs are held to less stringent standards than attorneys . . . cases filed by *pro se* plaintiffs may still be subject to dismissal if the plaintiff fails to meet court orders." *Wingate*, 2017 WL 1251093, at *4.

In determining whether dismissal for failure to prosecute is appropriate, courts in this circuit apply a four-factor test drawn from the Sixth Circuit's decision in *Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 589; *see also Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (applying *Mulbah* factors). The *Mulbah* factors "balance the competing concerns of 'the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims' with the preference for disposition of cases on their merits." *Wingate*, 2017 WL 1251093, at *4 (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

### A. **Whether Plaintiff's failure is due to willfulness, bad faith, or fault**

The first factor considers whether Plaintiff's failures are the result of willfulness, bad faith, or fault. This factor is satisfied where a plaintiff "display[s] either an intent to thwart

3

judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Plaintiff has failed to meet and confer with Defendant and file a Rule 26(f) Report despite explicit warnings that failure do so could result in sanctions, including dismissal with prejudice. I find that Plaintiff's repeated failure to comply with Court orders is "more than sufficient to display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wingate*, 2017 WL 1251093, at *5 (quotations omitted); *see also Napier v. Bobby*, No. 4:13CV2433, 2015 WL 13730925, at *2 (N.D. Ohio Dec. 31, 2015) (holding that first factor weighed in favor of dismissal where plaintiff failed to attend his own deposition despite being fully aware that deposition was taking place), *report and recommendation adopted*, 2016 WL 1578583 (N.D. Ohio Apr. 20, 2016). The first factor thus weighs in favor of dismissal.

### B.  Whether Defendant was prejudiced by Plaintiff's conduct

The second factor is whether Plaintiff's actions prejudiced Defendant. This factor also favors dismissal because Defendant and its counsel have incurred time and expense in preparing for the case management conference. Defendant alleges it made "numerous attempts with Plaintiff to schedule a 'meet and confer' [in advance of the case management conference] and received no response." (ECF No. 9). Defendant then filed its own Rule 26(f) Report in an attempt to comply with the April 27, 2026 order. *See Wingate*, 2017 WL 1251093, at *5 (holding that defendant was prejudiced where defense counsel expended time, money, and effort to prepare for and attend multiple court proceedings at which plaintiff did not appear).

### C. <u>Whether Plaintiff was warned that failure to cooperate could lead to dismissal</u>

The third factor is whether Plaintiff was warned that failure to comply with the April 27, 2026 and May 7, 2026 orders could lead to dismissal. This factor is unquestionably satisfied here because the May 7, 2026 order expressly warned that "Plaintiff is on notice that failure to show cause by May 21, 2026 may result in the recommendation of sanctions without further notice, including but not limited to the dismissal of this action with prejudice." (May 7, 2026 Minute Order).

### D. <u>Whether less drastic sanctions were imposed or considered before dismissal was ordered</u>

The fourth and final factor looks to whether less drastic sanctions were imposed or considered. Courts have recognized that "the sanction of dismissal is appropriate only if the attorney's [or party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Wingate*, 2017 WL 1251093, at *4 (quoting *United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 430 (6th Cir. 2016)).

I have considered lesser sanctions but conclude that no sanction short of dismissal would protect the integrity of the pretrial process. I have warned Plaintiff that failure to comply with the April 27, 2026 and May 7, 2026 orders could result in sanctions, including dismissal with prejudice, but he has made no effort to explain his non-compliance with these court orders. Under the circumstances, there is no reason to believe that a lesser sanction would secure Plaintiff's compliance with court orders. *See Wingate*, 2017 WL 1251093, at *6 (holding that less drastic sanctions than dismissal were "unlikely to elicit a response" where plaintiff "failed, again and again, to appear for Court proceedings when ordered to do so" despite prior warnings that sanctions may be imposed); *Glasgow v. Gen. Elec. Co./GE*

*Renewable Energy*, No. 3:23-CV-1702-JRK, 2024 WL 2924930, at *3 (N.D. Ohio May 20, 2024) (holding that plaintiff's conduct "supports no other conclusion than that he has abandoned his case" where plaintiff failed to appear for successive status conferences and failed to engage with defense counsel), *report and recommendation adopted*, 2024 WL 2899180 (N.D. Ohio June 10, 2024).

After careful consideration, however, I conclude that the dismissal should be without prejudice rather than with prejudice. "[D]ismissal with prejudice is the most powerful sanction available" for failure to prosecute. *Napier*, 2015 WL 13730925, at *3. "[C]ourts within this Circuit have noted that a district court should not dismiss with prejudice in cases in which an alternative sanction would better serve the interests of justice." *Wingate*, 2017 WL 1251093, at *6 (recommending dismissal without prejudice rather than with prejudice).

Here, I believe the alternative sanction of dismissal without prejudice, rather than with prejudice, would best serve the interests of justice based in part on Plaintiff's pro se status.

## III.   CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss this action without prejudice as a sanction for Plaintiff's failure to prosecute and comply with Court orders.

Dated: May 26, 2025
                                                        *s/ Jennifer Dowdell Armstrong*
                                                        United States Magistrate Judge

## IV.   NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to

6

which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).